# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE *EX PARTE* APPLICATION OF PATOKH CHODIEV FOR AN ORDER TO TAKE DISCOVERY ETC )
*Plaintiff* )
v. ) Civil Action No.
)
)
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: REFINITIV US, LLC, CUSTODIAN OF RECORDS

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment

| Place: Diamond McCarthy LLP<br>295 Madison Ave., 11th Floor, New York, NY 10017 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Patokh Chodiev, Applicant _____, who issues or requests this subpoena, are:

Robert W. Mockler, Esq.,  295 Madison Ave., 11th Fl. NY, NY.  robert.mockler@diamondmccarthy.com  212.430.5439

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## INSTRUCTIONS AND DEFINITIONS

1. "You" and "Your" means Refinitiv US LLC.

2. Any references to a corporation, partnership, proprietorship, association, organization or any other business or legal entity, including to You, shall be deemed to include the corporation's, partnership's, proprietorship's, association's, organization's, or other business or legal entity's agents, accountants, advisors, employees, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors, successors, assigns, or any other Person acting or purporting to act on behalf of the corporation, partnership, proprietorship, association, organization, or other business or legal entity.

3. The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

4. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

5. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

6. "Communication" or "Communications" has the meaning set forth in Local Rule 26.3(c)(1) of the United States District Court for the Southern District of New York, and means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7. "Document" or "Documents" has the meaning set forth in Local Rule 26.3(c)(2) of the United States District Court for the Southern District of New York, and is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. This includes all written, graphic, or printed matter of any kind, however produced or reproduced, including all originals, drafts, working papers, and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form.

8. The term "Refinitiv" shall include but not be limited to Refinitiv US Fin Corp., Refinitiv US Holdings Inc., Refinitiv US IP Corp., Refinitiv US LLC, Refinitiv US Organization LLC, Refinitiv US Personal Focus Inc. Refinitiv US PME LLC, Refinitiv US SEF LLC, Refinitiv US Services Corp., and Refinitiv US Tradeweb LLC.

9.      The term "Thomson Reuters shall include but not be limited to Thomson Reuters Corporation, Thomson Reuters America Corporation, Thomson Reuters Applications Inc., Thomson Reuters Holdco LLC, Thomson Reuters Organization Corporation, Thomson Reuters (TRI) Inc., Thomson Reuters U.S.A. Inc., Thomson Reuters U.S. Holdings Inc., Thomson Reuters U.S. LLC, and Thomson Reuters Ventures U.S. LLC.

10.     "World-Check" shall refer to the various products offered by You relating to customers' due diligence and Know Your Customer obligations, including World-Check Risk Intelligence and World-Check One.

11.     "The Report" shall mean the report published in the World-Check database on August 17, 2020 on Mr. Patokh Chodiev and any versions of that report since that time.

12.     You are required to produce all responsive, non-privileged Documents in your possession, custody or control, wherever located, including without limitation those in the custody of your representatives, agents, attorneys, affiliates, or anyone acting on your behalf.

13.     These Requests are continuing requests pursuant to Federal Rule 26(e). You are required to supplement any production of Documents that are received, discovered, or created after any of your responses to the Request, or that are otherwise within your possession, custody, or control.

14.     If You object to any part of any Request, You are required to produce all Documents that are responsive to the portions of the Request to which You do not object. You also must state the nature of, and grounds for, the objection.

15.     If You cannot comply with any Request in full, You are required to comply to the fullest extent possible, and You should provide an explanation as to why full compliance is not possible.

16.     All Documents shall be produced in native format, or in TIFF format with OCR images and load files, and shall be sent by email to Thomas.Watson@DiamondMcCarthy.com as email attachments or by link to a site from which files containing the Documents can be downloaded.

## DOCUMENT REQUESTS

1.      All Documents, including all Communications, mentioning or relating to Mr. Chodiev or to any members of Mr. Chodiev's immediate family for the period January 1, 2018 to the present.

2.      All Documents, including all Communications, evidencing, reflecting, mentioning, supporting, or referring to any World-Check reports or unpublished drafts regarding Mr. Chodiev or to any members of Mr. Chodiev's immediate family.

2

3. All Documents You received, reviewed, and considered, during the preparation of any World-Check report on Mr. Chodiev, regardless of whether the previous report was published.

4. All Documents evidencing, reflecting, mentioning, supporting, or referring to the Report on Mr. Chodiev, including all drafts of the Report.

5. Documents sufficient to identify by name, title, employer, and location of the analysts or individuals who participated in the researching, drafting, and publishing of the Report, including all persons involved in Your decision to publish the report.

6. All Communications with authors or publishers of any materials You received, reviewed, and considered, during the preparation of the Report, whether or not relied upon or cited in the Report, including all source material.

7. All Documents, including all Communications, evidencing, reflecting, mentioning, supporting, or referring to any requests to include Mr. Chodiev in a World-Check report or inquiring why he was not the subject of a World-Check report, including information identifying the source or sender of all such Communications.

8. All Documents, including all Communications, evidencing, reflecting, mentioning, supporting, or referring to Your policies and procedures for preparing and publishing World-Check reports on individuals.

9. All Documents, including all Communications, evidencing, reflecting, mentioning, or referring to Your policies and procedures for selecting subjects of World-Check reports.

10. All Documents, including all Communications, evidencing, reflecting, mentioning, or referring to Your policies and procedures for locating, evaluating, or verifying the truth or falsity of information reviewed in preparing or updating World-Check reports.

11. All Documents, including all Communications, evidencing, reflecting, mentioning, or referring to any policy, guideline or consideration regarding a person's nationality, national origin, race, ethnicity, or religion in connection with World-Check reports, including but not limited to consideration of whether a person is Muslim or from Central Asia.

12. All Documents, including all Communications, evidencing, reflecting, mentioning, or referring to any study, analysis or other understanding of the impact that an individual's nationality, national origin, race, ethnicity, or religion has on whether a person is included in World-Check reports, including but not limited to consideration of whether a person is Muslim or from Central Asia.

13. All Documents, including all Communications, evidencing, reflecting, mentioning, or referring to any complaints You have received that subjects are included in the

World-Check database or that potential subjects of a World-Check report are treated differently based in whole or in part on nationality, national origin, race, ethnicity, or religion.

14. All Documents, including all Communications, sufficient to show which Refinitiv company or companies own World-Check, do the research for it, market it, or provide access to retail customers to it.

15. All Documents, including all Communications, sufficient to show Thomson Reuter's relationship with Refinitiv with respect to the researching, publishing, and maintenance of reports on the World-Check database.

16. Documents sufficient to show which Refinitiv entities are responsible for storing, processing, or maintaining the data used by or reflected in the World-Check database.

17. Documents sufficient to show which Refinitiv entities are responsible for making data from the World-Check database available to customers in each country where such data is made available.

3523450.2