# EXHIBIT D

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE *EX PARTE* APPLICATION OF PATOKH CHODIEV FOR AN ORDER TO TAKE DISCOVERY ETC )
)
*Plaintiff* )
v. ) Civil Action No.
)
)
*Defendant* )

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: THOMSON REUTERS HOLDINGS INC.

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment

| Place: Diamond McCarthy LLP<br>295 Madison Ave., 11th Floor, New York, NY 10017 | Date and Time: |
|---|---|

The deposition will be recorded by this method: Court Reporter and Video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Patokh Chodiev, Applicant , who issues or requests this subpoena, are:

Robert W. Mockler, Esq., 295 Madison Ave., 11th Fl., NY, NY  robert.mockler@diamondmccarthy.com  212.430.5439

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT**

Under Federal Rule of Civil Procedure 30(b)(6), You must designate one or more officers, directors, or managing agents, or designate other persons who can testify on Your behalf, to testify about information known or reasonably available to You regarding the Topics set forth below.

**INSTRUCTIONS AND DEFINITIONS**

1. "You" or "Your" means Thomson Reuters Holdings Inc.

2. Any references to a corporation, partnership, proprietorship, association, organization or any other business or legal entity, including to You, shall be deemed to include the corporation's, partnership's, proprietorship's, association's, organization's, or other business or legal entity's agents, accountants, advisors, employees, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors, successors, assigns, or any other Person acting or purporting to act on behalf of the corporation, partnership, proprietorship, association, organization, or other business or legal entity.

3. These definitions hereby incorporate the Uniform Definitions in Discovery Requests as defined in the United States District Court for the Southern District of New York's Local Civil Rule 26.3.

4. The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

5. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

6. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

7. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

8. The term "Refinitiv" shall include but not be limited to Refinitiv US Fin Corp., Refinitiv US Holdings Inc., Refinitiv US IP Corp., Refinitiv US LLC, Refinitiv US Organization LLC, Refinitiv US Personal Focus Inc. Refinitiv US PME LLC, Refinitiv US SEF LLC, Refinitiv US Services Corp., and Refinitiv US Tradeweb LLC.

9. The term "Thomson Reuters shall include but not be limited to Thomson Reuters Corporation, Thomson Reuters America Corporation, Thomson Reuters Applications Inc., Thomson Reuters Holdco LLC, Thomson Reuters Organization Corporation, Thomson

1

Reuters (TRI) Inc., Thomson Reuters U.S.A. Inc., Thomson Reuters U.S. Holdings Inc., Thomson Reuters U.S. LLC, and Thomson Reuters Ventures U.S. LLC.

10. The term "including" shall be construed to mean including, but not limited to.

11. "Mr. Chodiev" shall refer to Patokh Chodiev, Applicant in these proceedings.

12. "World-Check" shall refer to the various products offered by You relating to customers' due diligence and Know Your Customer obligations, including World-Check Risk Intelligence and World-Check One.

13. "The Report" shall mean the report published in the World-Check database on August 17, 2020 on Mr. Patokh Chodiev.

## MATTERS FOR EXAMINATION

1. The information and data about Mr. Chodiev held by You, including its source.

2. The process that resulted in the inclusion of Mr. Chodiev in the World-Check database, including but not limited to:

   a. Selection of Mr. Chodiev as a subject of a World-Check report

   b. Any research done for Mr. Chodiev's Report

   c. Drafting of Mr. Chodiev's Report

   d. Decision to publish Mr. Chodiev's Report

3. All communications with any third parties regarding Mr. Chodiev, including any person that provided information about Mr. Chodiev.

4. Your policies and procedures regarding, and persons involved in the identification and selection of, subjects for World-Check reports, including all factors considered in making such selections.

5. Your policies and procedures regarding pre-publication research and due diligence for World-Check reports, including the persons involved therein.

6. Your policies and procedures regarding the drafting, reviewing, and publishing of World-Check reports, including the persons involved therein.

7. Your policies and procedures regarding the updating or editing of World-Check reports after publication, including the persons involved therein.

8. Your policies and procedures regarding the receiving and handling of customer feedback and complaints regarding World-Check reports, including the persons involved therein.

9. Your policies and procedures regarding the safeguarding of personal data and protecting the privacy of subjects of World-Check reports, including the persons involved therein.

10. Any policy, guideline, or consideration regarding an individual's nationality, national origin, race, ethnicity, or religion in connection with process of including a person in World-Check, including but not limited to any consideration of whether someone is Muslim or from Central Asia.

11. All complaints received by You that a subject or subjects included in the World-Check database are treated differently based in whole or in part on nationality, national origin, race, ethnicity, or religion.

12. Your corporate and organizational structure, including with respect to any ownership, control, maintenance, servicing or selling of World-Check or its services.

13. The ownership, processing, and maintenance of data used by or reflected in the World-Check database, including the specific Thomson Reuters entities that own, maintain, and process any such data.

14. The ownership and maintenance of World-Check including all non-Thomson Reuters entities that own or manage World-Check.

15. The Thomson Reuters entities that make data from the World-Check database available to consumers in any country.

16. The relationship between You and Refinitiv as it relates to the World-Check database.