# EXHIBIT R

**swanturton**
Solicitors

Your Reference:
Our Reference: REU010019

Diamond McCarthy LLP
295 Madison Ave.
27th Floor
New York
NY 10017
USA

Third Floor
8 Baltic Street East
London EC1Y 0UP

T: +44 (0)20 7520 9555
F: +44 (0)20 7520 9556

www.swanturton.com

**BY EMAIL TO:**
juliya.arbisman@diamondmccarthy.com
courtenay.barklem@diamondmccarthy.com

29 April 2021

Dear Sirs

**Re: World-Check Report of Mr Patokh Chodiev ("the Report")**
**Your client: Mr Patokh Chodiev**
**Our client: Refinitiv Limited**

We write further to your letter of 16 April 2021.

Thomson Reuters Corporation

We do not understand your pre-occupation with the Thomson Reuters Corporation ("TRC") in this matter. For the third time in correspondence to you, we confirm that:

1. World-Check is a risk intelligence database and a product sold by our client. It is not a legal entity and/or "*subsidiary*" of Refinitiv Limited.
2. Refinitiv Limited is the *only* data controller for the purposes of data protection and/or any complaints any data subject may have regarding World-Check.
3. Refinitiv Limited is not a 'joint-controller' of World-Check with TRC and/or any other entity.

For the avoidance of doubt, TRC was until January 2021, only a shareholder in Refinitiv. Since the all share sale of Refinitiv by Blackstone to the London Stock Exchange Group ("LSEG") (https://www.lseg.com/resources/media-centre/press-releases/lseg-all-share-acquisition-refinitiv-transaction-completion-and-admission-trading), LSEG now owns Refinitiv Limited.

In summary, there is no 'cover up' of any 'data control' relationship to expose as your case would suggest. In fact, since the sale of TRC's Finance and Risk division to Blackstone in 2018, it has been no secret that the groups' companies continue to provide data services to one another. For example, it is public knowledge that our client, now as part of LSEG, remains Reuters News' ("RN's") largest customer. However, just as our client or LSEG have no control over the news RN publishes, TRC has no control over or responsibility for World-Check. It is therefore unclear what your assertions regarding TRC's annual reports demonstrate in respect of any alleged:

1. Responsibility on TRC's part for the Report or World-Check more generally;
2. Joint controllership of World-Check.

With that in mind, should you pursue these allegations you must provide evidence. As it stands, not least because we have repeatedly confirmed the factual and legal position between our client and TRC, your position continues to be confused and misconceived. Further, your suggestion that there is some form of conspiracy and that our client is "*…biased against certain ethnic groups*" is not only uncomfortable to read but it makes no sense.

Nevertheless, we confirm that we do not act for TRC and believe we have exhausted all scope to explain to you that it is not responsible for the Report. Therefore, if your client refuses to accept that and feels that TRC is liable to him pursuant to the GDPR and/or DPA 2018 or otherwise, then we trust that he (or you on his behalf) will contact it directly.

Swan Turton LLP is a limited liability partnership registered in England with registered no. OC348685
A full list of members is available for inspection at the above address
Authorised and regulated by the Solicitors Regulation Authority
VAT Registration number GB 864072618

*Repeated threat of US proceedings*

It should follow from the above that in these circumstances where your client has intimated a claim against our client as a UK (ICO) registered data controller for breaches of the GDPR/DPA 2018, it remains unclear why you continue to threaten proceedings in the US. Nonetheless, should you issue proceedings against our client in the US in this matter, our client will immediately seek to strike them out on basic jurisdictional grounds and recover (the avoidable and wasted) legal costs.

*Outstanding information*

In our client's Protocol response of 25 September 2020, we explained that your case on inaccuracy lacked clarity and we posed a number of queries. You never provided an answer. Therefore, should your client continue to claim that the Report is "*poorly supported and damaging*" and/or based on sources which are "*unreliable and unverified*", we should be grateful if you would clarify whether he is contending that:

a) he is not under investigation in France?
b) the information contained within the Report is not in the public domain?
c) the information contained with the Report has in any way been fabricated by our client?

Please note that should your client pursue a claim in this matter without responding to the above request for information, this letter will form the basis of a more exhaustive CPR Part 18 Request in any event and will be drawn to the Court's attention on any questions of costs and conduct.

<u>Automated processing</u>

It is plain that you have chosen to ignore our confirmation that the 'scoring' of sources based on their potential relevance (referred to in the emails our client has disclosed), relates to a free text news search function that was historically made available to our client's subscribers in its defunct Screening Online product, <u>not</u> in its existing World-Check products. We can therefore only repeat here for the sake of completeness and accuracy that:

i) Screening Online (and the news search functionality you complain of) is no longer sold or accessible to any of our client's subscribers;
ii) The Report is not and has never been subject to any automated data processing.

<u>Third party influence and researchers</u>

In these circumstances where you continue to make unsubstantiated claims, we must repeat that the 'trigger' for the Report was the discovery (by our client's researchers) of a publication in the French press. The material article in the public domain is again footnoted below for your ease of reference[1]. Inclusion was <u>not,</u> as you would prefer to believe, the pressure of World-Check subscribers/third parties "*in the pursuit of a profitable business model*" or otherwise. In fact, it is clear from the emails our client has disclosed that our client was asked to include yours in World-Check on more than one occasion and such requests were denied on the basis that the information did not meet its guidelines or inclusion criteria.

Our client denies that:

1. It has failed to train its World-Check researchers to "*vet and verify data sources*", or that the same researchers ignored their training in relation to the Report;
2. Its policies and procedures are "*inadequate and ineffective*".

---

[1] **https://www.lecho.be/economie-politique/belgique/economie/patokh-chodiev-inculpe-en-france-pour-blanchiment/10166096.html**

Further disclosure

It is disappointing that instead of engaging with us you rehearse that our client has failed to respond to your DSAR and continue to seek the widest parameters of disclosure.

As we have repeatedly advised, "*internal policies and procedures*" is not a class or category of document that would be recognised in a UK court. Therefore, we remain concerned that the scope of your request remains so wide that it is near impossible to comply with. Again, as we have explained before, it is not even possible to determine whether the documents you seek would fall within standard disclosure, nor whether they are privileged or even exist.

We take this further opportunity to remind you that in the UK, potential claimants cannot exploit pre-action protocols to engage in 'fishing expeditions' to help a claimant identify a case.

Nevertheless, in a further attempt to collaborate with you and avoid the litigation you continue to threaten, we invite you to set out the documents you think exist and are 'disclosable'.

Conclusion

We continue to try to engage with you and you continue to threaten litigation in multiple jurisdictions without foundation. Therefore we can only invite you again to abandon your unnecessarily aggressive and unsupported position before significant time and costs are incurred.

In the event that your client ignores us and proceeds to issue a claim we reserve the right to refer this letter and our previous correspondence to the Court on questions of costs and conduct.

Yours faithfully

**Swan Turton LLP**