| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>In re Application of Patokh Chodiev,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to<br>Conduct Discovery for Use in Foreign<br>Proceedings | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: _7/30/2021_<br><br>21 Misc. 423 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

On May 3, 2021, Applicant, Patokh Chodiev, submitted an *ex parte* petition (the "Petition") for an order pursuant to 28 U.S.C. § 1782 to obtain discovery for use in a contemplated civil proceeding in the United Kingdom. ECF No. 1. Applicant seeks permission to serve subpoenas on Refinitiv US, LLC ("Refinitiv US") and Thomson Reuters Holdings Inc. ("Thomson Reuters") (together, "Respondents"). *Id.* Applicant also seeks permission to proceed *ex parte*. For the following reasons, the Petition is GRANTED.

## DISCUSSION

I. <u>Legal Standard</u>

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (quotation marks and alterations omitted). Courts routinely grant such petitions *ex parte*. *Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

In determining whether to grant a § 1782(a) petition, the Court may also consider "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome." *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38–39 (2d Cir. 2017) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)) (quotation marks omitted).

II. <u>Analysis</u>

   A. *Ex Parte* Proceeding

Courts routinely grant similar petitions *ex parte*. Accordingly, Applicant's request to proceed without serving the Petition on Respondents is GRANTED. *Gushlak*, 486 Fed. App'x at 217.

   B. The Petition

Applicant has met all three statutory requirements. First, Applicant offers evidence that all Respondents reside in this district. App. Mem. at 19 n.71, ECF No. 2. Second, Applicant has established that it intends to use the discovery in a pending proceeding and a "reasonabl[y] contemplate[ed]" judicial proceeding in the United Kingdom. Maguire Decl. ¶¶ 6–9, ECF No. 6; Watson Decl. ¶¶ 7, 16, ECF No. 3; ECF No. 3-5; *In re Hornbeam Corp.*, 722 F. App'x 7, 9–10 (2d Cir. 2018). Under the plain text of § 1782, a foreign proceeding includes "a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *Mees*, 793 F.3d at 299 ("[A]pplicant may seek discovery of any materials that can be made use of in the foreign proceeding to increase

[its] chances of success."); *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 116 (2d Cir. 2015) ("It is not necessary for the adjudicative proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding" (alteration and citation omitted)). Third, Applicant is a party to the contemplated proceeding. Maguire Decl. ¶ 9; Watson Decl. ¶ 16; ECF No. 3-5.

The discretionary factors also weigh in favor of granting the subpoena. First, Thomson Reuters is not a participant in the contemplated proceedings. App. Mem. at 23. However, Refinitiv US, as an affiliate of Refinitiv Limited, the contemplated defendant in the foreign proceeding, Maguire Decl. ¶ 9, appears to be a party. *See* App. Mem. at 23; *In re Ex Parte Application of Porsche Automobil Holding SE*, No. 15 Misc. 417, 2016 WL 702327, at *7 (S.D.N.Y. Feb. 18, 2016) ("[T]he relevant inquiry is whether the foreign tribunal has the ability to control the evidence sought and order production, not whether the tribunal has control over the party targeted by the [§] 1782 application . . . ."); *In re XPO Logistics, Inc*., No. 15 Misc. 205, 2017 WL 2226593, at *5 (S.D.N.Y. May 22, 2017) (weighing this factor against a petitioner where the target company is under the jurisdiction of the foreign court, regardless of whether the petitioner can gather the evidence in the foreign tribunal), *aff'd*, No. 15 Misc. 205, 2017 WL 6343689 (S.D.N.Y. Dec. 11, 2017). Second, it appears that the United Kingdom courts would likely be receptive to the requests and that the evidence sought would presumably be admissible. *See In re Application of Shervin Pishevar*, 439 F. Supp. 3d 290, 303–04 (S.D.N.Y. 2020); *In re Vale S.A.*, No. 20 Misc. 99, 2020 WL 4048669, at *4 (S.D.N.Y. July 20, 2020). Third, there is no evidence that Applicant is attempting to circumvent any proof-gathering restrictions imposed by United Kingdom law or otherwise seeking the discovery in bad faith. Finally, the subpoenas Applicant proposes do not appear unduly intrusive or burdensome. *See* ECF Nos. 3-1–3-4.

Despite Refinitiv US being a party to the contemplated proceeding, therefore, in weighing these factors the Court concludes that the subpoena is warranted under the *Intel* factors. *In re XPO Logistics, Inc.*, 2017 WL 2226593, at *10 (granting § 1782 petition despite the target being a party to the proceeding). Accordingly, the Petition is GRANTED.

## CONCLUSION

    For the reasons stated above, the Petition is GRANTED.

    The Clerk of Court is directed to terminate the motion at ECF No. 1.

    SO ORDERED.

Dated: July 30, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge